1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Joseph Michael Barbera,                    No. CV-17-03862-PHX-ESW

10              Plaintiff,                       **ORDER**

11   v.

12   Commissioner     of    Social    Security
     Administration,
13
                Defendant.
14

15

16       This Order sets forth the Court's rulings on three pending Motions (Docs. 23, 28,

17   29).

18                                   **I. DISCUSSION**

19   **A. Plaintiff's "Notice & Motion for Discovery" (Doc. 23)**

20       In his March 9, 2018 filing (Doc. 23), Plaintiff requests that the Court allow him to

21   conduct discovery. For the following reasons, the Court will deny Plaintiff's request.

22       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

23   405(g). Section 405(g) provides:

24              Any individual, after any final decision of the Commissioner
                of Social Security made after a hearing to which he was a
25              party, . . . may obtain a review of such decision by a civil
                action . . . . Such action shall be brought in the district court
26              of the United States for the judicial district in which the
                plaintiff resides . . . . As part of the Commissioner's answer,
27              the Commissioner of Social Security shall file a certified copy
                of the transcript of the record including the evidence upon
28

which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

While § 405(g) does not explicitly preclude discovery, the Court's review is generally limited to the administrative record. *See Brown v. Sullivan*, 916 F.2d 492, 494 (9th Cir. 1990) (stating that "discovery is not ordinarily available in social security matters"); *Higbee v. Sullivan*, 975 F.2d 558, 561-62 (9th Cir. 1992) ("An adequate hearing record is indispensable because a reviewing court may consider only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings."); *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000) ("As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record."); *Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir. 1992) ("It is clear from the statute that a district court may not consider evidence outside the certified record. But that is what Papendick's discovery requests sought. The court, therefore, did not abuse its discretion.").

The Court does not find good cause to allow Plaintiff to conduct discovery in this case. In due course, the Court will decide Plaintiff's request presented in his Motion for Remand (Doc. 29) that the Court remand the matter to the Commissioner for consideration of new evidence. Plaintiff's "Notice & Motion for Discovery" (Doc. 23) will be denied.

**B. Plaintiff's "Motion to Verify Timeliness of Defendant's Answer" (Doc. 28)**

In a March 22, 2018 Motion (Doc. 28), Plaintiff requests that the Court verify whether Defendant's Answer (Doc. 24) filed on March 12, 2018 is timely. The Court will grant Plaintiff's Motion (Doc. 28) to the extent set forth herein.

Federal Rule of Civil Procedure 12(a)(2) provides that a "United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." The Summons and Complaint were served on the United States Attorney on January 9, 2018. (Doc. 12). As Defendant correctly states, sixty days from January 9, 2018 is Saturday, March 10, 2018. (Doc. 31 at 2). In accordance with Federal Rule of Civil Procedure 6(a)(1)(C), the answering deadline was extended to Monday, March 12, 2018. Therefore, Defendant's Answer (Doc. 24) filed on March 12, 2018 is timely.

Finally, contrary to Plaintiff's assertion (Doc. 34 at 3), Defendant timely served the Answer on Plaintiff as it was mailed to Plaintiff on March 12, 2018. (Doc. 28 at 6; Doc. 34 at 5). Federal Rule of Civil Procedure 5(b)(2)(C) provides that when service is made by mail to the person's last known address, "service is complete upon mailing."

**C. Plaintiff's "Motion for Remand so that New Evidence Can Be Considered, & Counterarguments to ECF No. 27, Defendant's Response to ECF No. 23 & ECF No. 26" (Doc. 29)**

Local Rule of Civil Procedure 16.1 and the Court's Scheduling Order (Doc. 3) set forth a briefing procedure to be followed in this matter. The parties are required to follow that briefing procedure "rather than filing motions/cross-motions for summary judgment." LRCiv 16.1.

On March 27, 2018, Plaintiff filed a "Motion for Remand so that New Evidence Can Be Considered, & Counterarguments to ECF No. 27, Defendant's Response to ECF No. 23 & ECF No. 26" (Doc. 29). Defendant has responded (Doc. 31). Because Plaintiff's Motion for Remand (Doc. 29) is an unauthorized filing under LRCiv 16.1 and the Court's Scheduling Order, the Court may strike it from the record. *See* Fed R. Civ. P.

16(f), 37(b)(2)(A). However, in the interest of judicial economy, the Court will instead construe Plaintiff's Motion for Remand (Doc. 29) as Plaintiff's Opening Brief.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Notice & Motion for Discovery" (Doc. 23).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Verify Timeliness of Defendant's Answer" (Doc. 28) to the extent set forth herein.

**IT IS FURTHER ORDERED** construing Plaintiff's "Motion for Remand so that New Evidence Can Be Considered, & Counterarguments to ECF No. 27, Defendant's Response to ECF No. 23 & ECF No. 26" (Doc. 29)" as Plaintiff's Opening Brief. The Clerk of Court shall amend the docket accordingly.

Dated this 25th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge