WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Michael Barbera,<br><br>    Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-17-03862-PHX-ESW<br><br>**ORDER** |

    Pending before the Court is Joseph Michael Barbera's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his claim for supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 20).

    After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 29, 32, 42),[1] the Court finds that the Administrative Law Judge's ("ALJ") decision

---

[1]The Court construed Plaintiff's "Motion for Remand So That New Evidence Can Be Considered, & Counterarguments to ECF No. 27, Defendant's Response to ECF No.

is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[2]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

23 & ECF No. 26" (Doc. 29) as Plaintiff's Opening Brief. (Doc. 37 at 3-4). The Clerk of Court amended the docket accordingly.

[2] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[3]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[3] *Parra*, 481 F.3d at 746.

229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court must also consider the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. BACKGROUND

### A. Procedural Background

Plaintiff, who was born in 1964, has a medical degree and worked as an intern at a hospital. (A.R. 98, 111). In 2013, Plaintiff filed an application for supplemental security income. (A.R. 241-61). Plaintiff's application alleged that on July 1, 2009, he became unable to work due to severe autism. (A.R. 111). Social Security denied the application on July 9, 2013. (A.R. 154-58). In January 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 163-68). Plaintiff

sought further review by an ALJ, who conducted a hearing in September 2015. (A.R. 79-110).

In a September 25, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 64-73). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 21-26). Plaintiff thereafter filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 1, 2009. (A.R. 66). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: Asperger's syndrome on the autistic spectrum and "amblyopia right eye with visual deficits to some near acuity work duties (20 CFR 416.920(c)." (A.R. 66). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 66-67). Neither party disputes the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of unskilled work at any exertional level except at the sedentary level. However, the ALJ further provided that any work cannot require:

> more than frequent reaching, frequent handling and occasional fingering;
>
> working in other than a clean, climate controlled environment, with only minimal noise;
>
> working around dangerous unprotected heights, machinery and chemicals;
>
> working in an area without a restroom nearby, for quick access;
>
> working in other than a low stress work environment, which means: (1) a low production level, (2) no working with the general public and no working with crowds of co-workers, 3) only "occasional" verbal contact with supervisors and co-workers and 4) the ability to deal with only "occasional" changes in a routine work setting;
>
> work at more than a low concentration level, which means the claimant has the ability to be alert and attentive to (and to adequately perform), only unskilled work tasks;
>
> work at more than a low memory level, which means the claimant has the ability to understand, remember and carry out only "simple" work instructions; and,
>
> work could not have required any binocular vision duties and no reading of fine print on the job and no handling of small objects (e.g. coins, buttons, etc.).

(A.R. 68). Based on the RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work. (A.R. 71).

### 5. Step Five: Capacity to Perform Other Work

At the September 2015 hearing, a vocational expert ("VE") testified that given Plaintiff's assessed RFC, age, work experience, and education level, Plaintiff would be able to work as a conveyor bakery worker, zipper ironer, or shipping and receiving clerk. (A.R. 105-06). The ALJ concluded that based on the VE's testimony, Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (A.R. 73). The ALJ therefore found that Plaintiff is not disabled. As discussed in the following section, the Court finds that the

ALJ failed to address conflicts with Plaintiff's assessed RFC and the requirements of the conveyor bakery worker, zipper ironer, or shipping and receiving clerk positions.

### III. DISCUSSION

**A. Plaintiff's Request for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g)**

"Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four or sentence six of § 405(g)." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (footnotes omitted). "A remand under sentence four is essentially a determination that the agency erred in some respect in reaching a decision to deny benefits[,] whereas a remand under sentence six can be ordered only in two particular instances: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* (internal quotation marks and citations omitted); *see also Shalala v. Schaefer*, 509 U.S. 292, 310 (1993) ("with a sentence-four remand; a court's order to remand a case pursuant to sentence four of § 405(g) necessarily means that the Secretary has committed legal error").

Plaintiff requests that the Court remand this matter to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) to allow the ALJ to consider additional evidence. To succeed, Plaintiff must show that the additional evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in [the] prior proceeding." 42 U.S.C. § 405(g). To demonstrate good cause, a claimant must show that the evidence was unavailable earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001); *Key v. Heckler*, 754 F.2d 1542, 1551 (9th Cir. 2001). "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463; *see also Morales v. Colvin*, No. CIV.A. 13-229J, 2015 WL 1507844, at *4 (W.D. Pa. Mar. 31, 2015) ("The fact that plaintiff now has new counsel who believes that the additional evidence may support her claim for disability is

not grounds for remanding the case under sentence 6."). New evidence is "material" within the meaning of section 405(g) if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome" of the ALJ's determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Secretary*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

Plaintiff contends that he has obtained new evidence showing that Ramin Shahla, M.D. falsified his credential that he is a board certified psychiatrist.[4] (Doc. 29 at 7). Plaintiff also requests that the Court remand this matter so that the ALJ may consider additional documentation showing that Plaintiff "took many more years than usual to complete degrees & that the programs were also facilitated with special accommodations based on Plaintiff's disability." (*Id.* at 8). Plaintiff explains that the information was not presented because it was never requested. (*Id.*). Finally, Plaintiff also seeks to present to the ALJ evidence showing that after the seventh week of his internship at Berkshire Medical Center, he was placed "on paid administrative leave, & repeatedly asked [] to resign, often in anger." (*Id.* at 9). Plaintiff again explains that the information was not previously presented because the ALJ "made no such inquiry." (*Id.* at 10).

As Defendant notes (Doc. 32 at 7), Plaintiff was represented by counsel during the administrative proceedings. After reviewing the parties' briefing, the Court finds that Plaintiff has not shown good cause for failing to present the above evidence during the administrative proceedings. The Court therefore need not address whether Plaintiff's additional evidence is material. The Court denies Plaintiff's request to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g). However, as explained in the following section, the Court will remand the matter pursuant to sentence four of 42

---

[4] Dr. Shahla conducted a psychiatric consultative examination on May 28, 2013. (A.R. 398-401). In his report, Dr. Shahla indicated under his signature that he is a board-certified psychiatrist. (A.R. 401).

U.S.C. § 405(g) because the ALJ committed harmful error at Step Five of the disability analysis.[5]

### B. The ALJ Committed Harmful Error at Step Five

At Step Five of the disability analysis, an ALJ must "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995) ). In making a disability determination, an ALJ relies primarily on the *Dictionary of Occupational Titles* (the "DOT") for "information about the requirements of work in the national economy." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). In addition to the DOT, an ALJ "also uses testimony from vocational experts to obtain occupational evidence." *Id.* at 1153. Generally, the VE's testimony should be consistent with the DOT. *Id.*

"When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citing *Massachi*, 486 F.3d at 1153-54). The ALJ must ask the VE whether his or her testimony conflicts with the DOT. *Massachi*, 486 F.3d at 1153-54. If it does conflict, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.* at 1153. An

---

[5] Although Plaintiff has not raised this issue in his briefing, the Court has the authority to sua sponte identify errors in the ALJ's decision and to sua sponte remand the matter pursuant to sentence four of 42 U.S.C. § 405(g). *See Farley v. Colvin*, 231 F. Supp. 3d 335, 339 (N.D. Cal. 2017) (explaining that a "appeals from a denial of Social Security benefits differ from ordinary civil litigation [because the] underlying claims process is nonadversarial" and concluding that "there is no reason to treat the failure to raise an error as reason for actively ignoring it, as the Commissioner suggests"); *Murray v. Schweiker*, 555 F. Supp. 573, 576 (D. Mont. 1982) (explaining that a reviewing court may sua sponte remand a disability case to the Commissioner).

ALJ is permitted to rely on VE testimony that differs from the DOT. *Johnson*, 60 F.3d at 1435. Yet the record must contain "persuasive evidence to support the deviation." Id.

As mentioned, Plaintiff's assessed RFC indicates that Plaintiff can work in an environment that has "only minimal noise." (A.R. 68). The DOT ranks noise intensity as follows:

| 1 | Very Quiet | isolation booth for hearing test; deep sea diving; forest trail |
| 2 | Quiet | library; many private offices; funeral reception; golf course; art museum |
| 3 | Moderate | business office where typewriters are used; department store; grocery store; light traffic; fast food restaurant at off-hours |
| 4 | Loud | can manufacturing department; large earth-moving equipment; heavy traffic |
| 5 | Very Loud | rock concert—front row; jackhammer in operation; rocket engine testing area during test |

U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App. D, D–2 (1993) (SCO).

The conveyor bakery worker, zipper ironer, and shipping and receiving clerk all have a noise rating of "moderate." DICOT 524.687-022, 1991 WL 674401; 590.685-042, 1991 WL 684583; 222.387-074, 1991 WL 672108. The Court finds that there is an apparent conflict between Plaintiff's RFC and the noise level of the conveyor bakery worker, zipper ironer, and shipping and receiving clerk positions as detailed in the DOT.

There is also an apparent conflict between Plaintiff's RFC and the required reasoning ability for the shipping and receiving clerk position. Plaintiff's RFC limits him to positions that require an "ability to understand, remember and carry out only 'simple' work instructions." (A.R. 68). The DOT states that the shipping and receiving clerk position involves a Reasoning Level 3. DICOT 222.387-074, 1991 WL 672108. "[T]he majority of the district courts in this circuit have held that a limitation to simple, repetitive tasks is inconsistent with the requirements of level three reasoning." *Cardona*

*v. Colvin*, No. EDCV 12-0895-CW, 2013 WL 2285354, at *4 (C.D. Cal. May 22, 2013) (collecting cases).

In addition, Plaintiff's RFC provides that Plaintiff is unable to perform jobs that require "working around dangerous unprotected heights, machinery and chemicals." (A.R. 68). It is not clear whether this limitation precludes Plaintiff from working around all machinery or only "dangerous" machinery. The conveyor bakery worker and zipper ironer positions involve working with or around machinery. For instance, the DOT describes that a zipper ironer:

> Tends machine that removes wrinkles from plastic or nylon zippers: Mounts reel of continuous chain zipper onto payoff spindle and turns steam valve to heat grooved irons. Depresses pedal to separate irons and positions chain between irons with nylon or plastic filament in groove. Releases pedal to close irons and starts machine.

DICOT 590.685-042, 1991 WL 684583. The DOT states that a conveyor bakery worker "[i]nspects cakes moving along conveyor for application of filling or icing by machine . . . . Observes cakes moving under automatic topping shaker and cake cutting machine to ensure uniform topping application and cutting. . . . [M]oves decorating tool over top of designated cakes to apply specified appearance." DICOT 524.687-022, 1991 WL 674401; 590.685-042. The DOT further provides that the bakery position "occasionally" entails moving mechanical parts. The Court finds that there is an apparent conflict between Plaintiff's limitations regarding machinery and the zipper ironer and conveyor bakery worker positions.

Finally, Plaintiff's RFC limits Plaintiff to a "low stress work environment, which means: 1) a low production level . . . ." (A.R. 68). The ALJ failed to ask the VE regarding the work load/production level required for the conveyor bakery worker, zipper ironer, and shipping and receiving clerk positions. Based on the descriptions in the DOT, it does not appear that the positions constitute "low production level" work. *See Lorch v. Berryhill*, No. 3:16-CV-00076-RJC, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017) (noting that positions of small-parts assembler and hand packager "seem to entail

- 11 -

production" and conflict with claimant's limitation to work in a low production setting). At the hearing, the VE testified that Plaintiff would not be able to maintain employment in those positions if Plaintiff "did the best he could on [the conveyor bakery worker, zipper ironer, and shipping and receiving clerk] jobs, but was running well below in his performance, about 15 to 20% below average each month[.]" (A.R. 108). There thus appears to be a conflict between the DOT and VE testimony that must be addressed. *See Lorch*, 2017 WL 1234203, at *5 (concluding that an ALJ erred by failing to identify an apparent conflict and obtain a reasonable explanation with respect to Plaintiff's limitation to work in a "low production setting" and finding that Plaintiff could be employed as a small-parts assembler or hand packager).

To reiterate, when a conflict between a VE's testimony and the DOT arises, the ALJ must make an inquiry with the VE and then determine whether the VE's "explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Johnson*, 60 F.3d at 1435; *see also Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017) (explaining that Ninth Circuit "law is clear that a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning"). The ALJ failed to question the VE regarding the above conflicts. The VE's testimony that Plaintiff could maintain employment as a conveyor bakery worker, zipper ironer, and shipping and receiving clerk given all of his limitations was "brief and, so far as the record reveals, involved uninformed guesswork about the nature of the specified occupations. Such speculative explanations are insufficient to reconcile the conflict." *Coleman v. Astrue*, 423 F. App'x 754, 756 (9th Cir. 2011). The Court finds that the VE's testimony cannot serve as substantial evidence supporting the ALJ's Step Five determination that Plaintiff could be employed as a conveyor bakery worker, zipper ironer, and shipping and receiving clerk.

### C. Remand for Further Proceedings is Appropriate

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir.

2014). "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. The Court has found that the ALJ has erred at Step Five by failing to reconcile the apparent conflicts between the conveyor bakery worker, zipper ironer, and shipping and receiving clerk positions and Plaintiff's RFC limitations. As this is an outstanding issue that must be resolved through further proceedings, the Court will remand this matter to the Commissioner. *Lamear*, 865 F.3d at 1206 (remanding case "so the ALJ can ask the VE to reconcile" jobs that the ALJ found plaintiff could perform with the plaintiff's physical limitations).

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 30th day of November, 2018.

*EsWillett*

Honorable Eileen S. Willett
United States Magistrate Judge